UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
FABIAN GARCIA                                    :
                              Plaintiff,         :
                                                 :      **MEMORANDUM DECISION AND**
              - against -                        :      **ORDER**
                                                 :
THREE STAR CONSTRUCTION GROUP                    :      26-cv-1353 (BMC)
LLC, et al.                                      :
                                                 :
                                                 :
                              Defendant.         :
------------------------------------------------------------ X

**COGAN**, District Judge.

Plaintiff, a former welder at defendants' company, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and Articles 6 and 19 of the New York Labor Law ("NYLL"), alleging that defendants failed to pay him proper wages and overtime and never gave him notice of his rates of pay or paystubs during the period of his employment. Defendants have not appeared by counsel or otherwise defended this action. The Clerk has entered defendants' default based on their failure to answer, and now before the Court is plaintiff's motion for a default judgment and damages. Defendants have not opposed. For the reasons set forth below, the motion is granted.

## BACKGROUND

According to the complaint and affidavit in support of plaintiff's motion for a default judgment, from about January 2, 2025, through December 2, 2025, plaintiff worked as a welder at the defendant construction company, Three Star Construction Group LLC ("Three Star Construction"). Plaintiff alleges that the individual defendants, Mohammed Uddin and Kazi Ahmed, were the managing agents of Three Star Construction, who determined the hiring, duty assignments, wages, and compensation of the company's employees.

During his employment, plaintiff worked Monday through Saturday from about 7:30 a.m. until about 4:30 p.m., with a one-hour lunch break per shift, for a total of approximately 48 hours per week. From January 2, 2025, until about the end of July 2025, defendants paid plaintiff a flat sum of $1,020 per week. From the beginning of August 2025 until December 2, 2025, defendants paid plaintiff a flat sum of $1,068 per week. Plaintiff never received any overtime wages, nor notice or paystubs explaining the terms on which he was being paid, nor did defendants post notices of wage requirements, as required under the NYLL. Plaintiff also never received any wages for his final seven weeks of work.

Plaintiff commenced this action on March 9, 2026. Defendants have not appeared by counsel or otherwise defended this action. The Clerk entered the default under Federal Rule of Civil Procedure 55(a), and plaintiff has moved for default judgment and damages.

## DISCUSSION

Before default judgment can be granted, the Court must determine whether plaintiff complied with the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern and Eastern Districts of New York, and the Servicemembers Civil Relief Act. The Court finds that plaintiff has complied with all necessary predicates in this motion.

First, defendants Uddin and Ahmed are liable for the claimed violations. Plaintiff has shown that they oversaw daily operations, and had control over all personnel and payroll decisions, including hiring plaintiff, setting wages, and implementing the company's wage and hour practice and policies.

Second, defendant Three Star Construction is subject to both enterprise and individual coverage under the FLSA. Plaintiff has demonstrated by firsthand knowledge that the corporate defendant bought and sold materials from out of state and had no less than $500,000 in annual

2

gross volume of sales made or business done.  See Santacruz v. Blok Chocolatier LLC, No. 19-cv-544, 2021 WL 4341103, at *3 (E.D.N.Y. June 23, 2021) (discussing standards of individual and enterprise coverage under 29 U.S.C. §§ 206(a), 207(a)(1)), report and recommendation adopted, 2021 WL 4340963 (E.D.N.Y. Sept. 23, 2021); see also Locke v. St. Augustine's Episcopal Church, 690 F. Supp. 2d 77, 84 (E.D.N.Y. 2010).

Still, it is well-settled that on a motion for a default judgment, a defendant's default does not constitute an admission as to the damages claimed in the complaint.  See Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009).  The burden is on plaintiff to establish, by a reasonable certainty, his entitlement to the relief requested.  See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).  To determine damages, the Court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or it may rely on the affidavits and other documentary evidence provided by plaintiff if they are sufficiently definite, making the need for a hearing on damages unnecessary, see Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015).

There is no need for an inquest here.  Plaintiff has submitted his affidavit explaining how many hours he worked during the period in question.  His attorney has submitted a spreadsheet extrapolating those hours under the statutory framework and the necessary calculations for plaintiff's claims.

Plaintiff has demonstrated his entitlement to compensatory damages.  His compensatory damages consist of unpaid wages and unpaid overtime wages totaling $10,828.88.  Plaintiff is also entitled to liquidated damages.  Plaintiff seeks liquidated damages equal to the value of compensatory damages, which is permitted unless the employer shows "that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that

his act or omission was not a violation." 29 U.S.C. § 260; see also NYLL § 198(1-a) (providing for liquidated damages "unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law"). It is common knowledge among employers that time-and-a-half must be paid for hours worked in excess of 40 per week and employees must be paid adequate wages for their labor; these facts, and defendants' default, are sufficient for this Court to find that there was no good faith defense for the non-payment. See Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 91 n.10 (E.D.N.Y. 2012) ("Where, as here, a defendant employer has defaulted, the court plainly cannot find that it has made the showing of good faith necessary to defeat an award of liquidated damages."). Thus, plaintiff is entitled to $10,828.88 in liquidated damages.

The Court dismisses without prejudice plaintiff's claims for wage notice and wage statement violations brought under NYLL §§ 195(1), 195(3). Only a rare violation of these statutes gives rise to Article III standing, as they address mere informational injury without monetary consequences. See Deng v. Frequency Elecs., Inc., 640 F. Supp. 3d 255, 264-67 (E.D.N.Y. 2022). The Second Circuit recognized, in Guthrie v. Rainbow Fencing Inc., 113 F.4th 300, 304 (2d Cir. 2024), that it might be possible for a plaintiff to demonstrate an actual and concrete injury under these statutes, but this Court's view is that the proof required to show that will be, in almost every conceivable instance, entirely speculative.

That is the case here. Plaintiff, trying to fit into the hypothetical possibility allowed by Guthrie, says he was "deprived of the basic information necessary to understand if [his] wages were calculated properly or whether [he] was being paid in compliance with the law." We don't know what would have happened if plaintiff had received the required notice and wage statements, but there are no facts alleged that plaintiff would have, or could have, done anything

4

about it.  When, as here, a plaintiff tries to show standing by making broad allegations that any plaintiff in the same position could make, it is an indication that the allegations reflect no more than an effort to circumvent the standing requirement.  See Carcamo v. Tacos El Poblanito, Inc., No. 25-cv-5339, 2026 WL 468822, at *2 (E.D.N.Y. Feb. 18, 2026) ("Although the failure to provide wage notices and statements 'may result in various harms to an employee,' plaintiff 'has not plausibly alleged that [defendants'] failure to provide the wage notices and wage statements in this case caused him to suffer any of those harms.'"  (quoting Guthrie, 113 F.4th at 310)).

The Court grants plaintiff's request for pre-judgment interest.  Although "the FLSA does not permit awarding pre-judgment interest in addition to liquidated damages, the NYLL does." Won Kim v. Kini LIC Corp., 806 F. Supp. 3d 277, 314 (E.D.N.Y. 2025).  In fact, the NYLL requires it.  See Gussack Realty Co. v. Xerox Corp., 224 F.3d 85, 93 (2d Cir. 2000) ("trial courts . . . have no discretion not to award prejudgment interest under New York law"); NYLL § 198(1-a) ("the court *shall* allow such employee to recover . . . prejudgment interest") (emphasis added). In New York, interest is awarded at the rate of 9% per year, see CPLR § 5004, starting "from a single reasonable intermediate date," CPLR § 5001.  "[I]n wage-and-hour cases," the "midpoint of a plaintiff's employment is often used as the date from which to calculate prejudgment interest[.]"  Burns v. Scott, 635 F. Supp. 3d 258, 282 (S.D.N.Y. 2022).  That date is June 18, 2025, and thus, plaintiff is entitled to $1,023.33 in pre-judgment interest.

There is no need to address post-judgment interest.  Plaintiff argues that the judgment should include a provision for post-judgment interest.  That is unnecessary as post-judgment interest accrues on every federal judgment as a matter of law.  See 28 U.S.C. § 1961.

New York law provides that any judgment that remains unpaid for 90 days increases by 15%, and plaintiff asks for that relief here.  However, once a federal judgment is entered, state

laws that might affect the judgment amount are inapplicable.  See Chen v. Asian Terrace Rest., Inc., 602 F. Supp. 3d 348, 350 (E.D.N.Y. 2022) ("§ 1961 supplants any state law provisions that would otherwise increase the amount of a federal judgment.").  The case is over, and nothing remains but a federal judgment.

## CONCLUSION

Plaintiff's motions for a default judgment and damages are granted.  The Clerk is directed to enter judgment in favor of plaintiff for $22,681.09 in damages.

**SO ORDERED.**

*Brian M. Cogan*

_____

U.S.D.J.

Dated: Brooklyn, New York
        July 8, 2026

6